# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | CIV 08-352-JHP |
| ) | |
| 1)CASEY O'DELL, a.k.a. Casey Ray O'Dell, ) | |
| Defendant. ) | |

## JOURNAL ENTRY OF JUDGMENT

This matter comes on to be heard this  28thth  day of  April, 2009, upon the issues in plaintiff's complaint filed herein; the plaintiff, United States of America, appearing by Jeanette Windsor, Assistant United States Attorney for the Eastern District of Oklahoma; and none of the other defendant appearing either in person or by counsel, but being wholly in default; the Court carefully inspects and examines the files, records, and processes herein and finds that subsequent to the filing of plaintiff's complaint in this action

The defendant, Casey O'Dell, was served with summons and complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure, more than twenty (20) days prior to this date; the Court further finds that said defendant has made default and by reason thereof, plaintiff's complaint should be and is hereby taken as confessed by said defendant; the Court further finds that plaintiff has fully complied with the Soldiers and Sailors Civil Relief Act of 1940 and the amendments thereto, and that upon motion and affidavit properly filed therefor, this Court has made and entered its Order directing that judgment by default be entered against the defendant not appearing or otherwise answering plaintiff's complaint, and such Order is filed herein.

NOW, the Court proceeds instanter to consider plaintiff's complaint, and carefully examines the exhibits attached thereto, including the note, and real estate mortgage, and upon conclusion, after being fully advised in the premises both as to the facts and the law, finds and adjudges the plaintiff

has fully sustained all of the allegations of its complaint; the Court further finds that the plaintiff is entitled to and is hereby given an in personam judgment against the defendant, Casey O'Dell, as prayed for in plaintiff's complaint.

And the Court more specifically finds:

That Casey O'Dell, a.k.a. Casey Ray O'Dell, on or about September 26, 2002, executed and delivered to plaintiff a note as follows:

| Instrument | Date | Amount | Interest | Number of Installments |
|---|---|---|---|---|
| Note | 09-26-02 | $161,154.24 | 4½% | 15 |

Said note was rescheduled and or reamortized from prior notes.

As collateral security for payment of the above listed promissory note, the defendant, Casey O'Dell, a.k.a. Casey O'Dell, executed and delivered to plaintiff certain security agreements thereby creating in favor of the plaintiff, a security interest in certain crops, livestock, farm equipment and motor vehicles.

The security interest of plaintiff in said property was perfected by Financing Statements filed with the County Clerks of the following counties on the dates indicated, and under the file numbers indicated.

| Type | Filed | County | File Number |
|---|---|---|---|
| Financing Statement | 10-24-00 | Bryan | 01412 |
| Financing Statement | 06-10-05 | Oklahoma | 2005007214425 |
| EFS-1 | 10-25-00 | Secretary of State | 0006093 |
| EFS-2 | 06-09-05 | Secretary of State | 200006093-C |

That the said defendant has defaulted in the payments provided in said note and security agreements and has not paid the same in the amounts and at the times he agreed to pay the same, and by reason thereof, there is now due and owing the principal sum of $138,399.26, plus interest accrued through April 9, 2009, in the amount of $20,697.33, plus interest from that date at the daily rate of $17.0629 until the date of judgment, and thereafter at the legal rate until paid in full, plus all costs and future costs of this action, including maintenance and protection fees; that by reason of the aforementioned default, plaintiff has elected to declare the entire principal balance and accrued interest thereon due and payable at once.

Further, that the said note and security agreements expressly provide that if the borrower defaults in the payment of the debt secured thereby, the plaintiff may foreclose said note and security agreements and sell the secured property at foreclosure sale and apply the proceeds from such sale on the said debt; and that appraisement of said premises is expressly waived or not waived at the option of the plaintiff and that plaintiff states that it desires to have said secured property sold with appraisement.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT:**

1. That the plaintiff have an in personam judgment against the defendant, Casey O'Dell.

2. That the lien of the plaintiff, United States of America, be and the same is hereby established as a first, prior and superior lien and that such lien be and the same is hereby ordered foreclosed, and the secured property is hereby ordered appraised and sold by Judicial Sale in the manner provided by said note and security agreements and by the provisions of Title 28 U.S.C. §2001 et seq.

3. That should a sale and confirmation occur, the defendant, Casey O'Dell, has no right, title, or interest in or to said secured property, or any part thereof; and that said defendant, and all persons claiming by, through or under him, be and are hereby perpetually barred, restrained and enjoined from ever claiming or asserting any right, title or interest in or to the said secured property, hereinbefore described, which is adverse or hostile to the purchaser at sale.

4. That any one in possession of subject property should relinquish possession upon the receiving of the journal entry of judgment. If such possession is not relinquished at that time, a Writ of Assistance will be issued.

5. That the proceeds from the sale of said secured property be applied as follows:

FIRST: To the payment of costs of this action and the cost of foreclosure sale;

SECOND: To the satisfaction of the judgment in favor of the plaintiff, in the amount of $138,399.26, plus interest through April 9, 2009 in the amount of $20,697.33 plus interest from that date at the daily rate of $17.0629, until the date of judgment, plus interest from the date of judgment at the legal rate of  0.52 %  per annum computed daily and compounded annually until paid in full, plus all costs and future costs of this action; including maintenance and protection fees;

THIRD: The residue, if any, to be paid into the office of the Clerk of this Court to abide the further Order of this Court.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma

APPROVED AS TO FORM:

SHELDON J. SPERLING
United States Attorney

S/JEANETTE WINDSOR
JEANETTE WINDSOR O.B.A. 16939
Assistant U.S. Attorney
1200 West Okmulgee
Muskogee, Oklahoma 74401
918-684-5100   918-684-5130 - fax
jeanette.windsor@usdoj.gov